## Dean v. Reed, et al.

(Decided July 1, 1924.)

### Appeal from Mercer Circuit Court.

Subrogation—Indorser Held Not Entitled to Subrogation and Benefit of Security Until Satisfaction of Note on which he had Been Released.—Where two notes for land and the lien securing them were indorsed and transferred to plaintiff before maturity, and the seller was absolved from liability as indorser on the first note, under Ky. Stats., section 3720b-70, by plaintiff's failure to present it for payment when due, but plaintiff presented the second note when due, the seller, upon payment of a judgment on the second note, would be subrogated to the rights of plaintiff in the lien.

R. L. BLACK for appellant.

E. H. GAITHER and C. E. RANKIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellee Reed sold to J. R. Dean a tract of land in Mercer county, the consideration being paid one-third cash, and the balance represented by two lien notes of date March 21, 1919, each for $3,820.00, the first one due April 1, 1920, and the second one due and payable April 1, 1921, with interest at six per cent. (6%) from date until paid. Each note was secured by a lien on the tract of land in Mercer county, containing 191 acres, more or less, which Reed sold to J. R. Dean and for which the notes were given. Before the notes bcame due Reed assigned them to appellant Smiley Dean and Smiley Dean thus became a holder in due course. When the first became due in 1920 appellant Smiley Dean neglected and failed to present same for payment at the Cornishville bank at which it was negotiable and payable according to its terms, and by reason of his neglect appellee Reed

was absolved from liability as an indorser under section 3720, Kentucky Statutes. On the day the second note became due appellant presented it to the bank during banking hours and demanded payment, which was refused; he then presented it to appellee Reed, who also declined to pay the note at that time but promised to pay it later. It was not paid. Soon thereafter the appellant commenced two actions upon the two notes, one upon the first note on which appellee Reed had been discharged as indorser, making J. R. Dean alone defendant, and praying an enforcement of the purchase money lien against the land. The second suit was upon the second note and both J. R. Dean and appellee Reed were made defendants, with the prayer that the appellant's lien be enforced against the land. Reed filed answer setting up several defenses, the first paragraph being a traverse of his liability as indorser upon the notes; the second paragraph averred that the notes were indorsed and transferred by Reed to Smiley Dean without recourse; that the indorsement was solely for the transfer of the ownership of the notes to appellant; that it was agreed and understood that Reed was not to be held responsible as indorser although he had indorsed the notes without limitation. The third paragraph of the answer alleged that the notes contained a precipitating clause which made both notes become due upon the failure of the payor, J. R. Dean, to pay the interest when due, or to pay either note when it became due, and that upon the failure of J. R. Dean to pay the first note and the interest thereon it was the duty of appellant Smiley Dean to forthwith proceed with the enforcement of the lien against the land, which it is alleged was then of sufficient market value to satisfy the entire indebtedness, but owing to the decline in the price of land since that time it has become and is now of much less value and is insufficient to satisfy both notes. The fourth paragraph of the answer averred that the two notes were liens upon the same land and were of equal dignity and that if appellee Reed was required to pay the second note he should be subrogated to the rights of appellant as to said note and his rights enforced against the land equally with those of appellant. The demurrer was sustained by the court to paragraphs two and three of the answer but the third paragraph of the answer was adjudged sufficient.

When the case was submitted the court adjudged appellant Smiley Dean entitled to recover of J. R. Dean

the sum of $3,820.00 with interest from April 1, 1920, until paid subject to certain named credits upon the first note, and adjudged appellant Smiley Dean to recover the same amount upon the second note with interest from April 1, 1920, against J. R. Dean and appellee Reed. He was also adjudged a lien upon the land for the payment of the two notes. The land was adjudged indivisible and to be sold as an entirety. It was also adjudged that appellant have execution against Reed on the debt against him and J. R. Dean jointly. Following this the judgment reads:

"If the plaintiff elects to enforce the collection of said note from said Reed, it is the judgment of the court that when said Reed pays off said note, he shall be held and treated as the owner and holder thereof and by paying the same to the plaintiff he shall thereby become invested with the lien to secure the payment of said note above adjudged to the plaintiff, and entitled to joint control of the judgment enforcing the lien. In the event that the said note is paid by the defendant (Reed) to the plaintiff (appellant) then the proceeds of the sale of said land shall be applied first to the payment of the costs of these cases, except the cost incident to the contest between plaintiff Reed, and in the second case, which Reed is to pay; and second, the balance of the proceeds of sale shall be paid to Smiley Dean and Wm. Reed in proportion as the amounts of the two debts bear to each other. In the event that Reed is not required to pay off the note on which he is adjudged liable, the proceeds arising from the sale of said land shall be applied first, to the payment of costs, as above set out; and second, the balance to be applied as a credit on the debt adjudged plaintiff against J. R. Dean alone and on the debt adjudged J. R. Dean and Wm. Reed in proportion as the amounts bear to each other. Whatever balance there remains due to the plaintiff (appellant) on the debt adjudged against J. R. Dean and Wm. Reed, execution will issue for against them jointly."

This appeal is prosecuted to reverse that part of the judgment which subrogates the appellee Reed to the rights of appellant as a lienholder on the land described in the judgment in the event Reed is required to pay the second note to appellant. Appellees insisted in the lower

court and now argue here that if appellee Reed is required to pay the second note to appellant Smiley Dean, Reed will become the owner of the second note, and inasmuch as it is also a lien against the property of equal dignity with the first note which is owned and held by appellant Smiley Dean, the two, Reed and Smiley Dean, will be entitled to equal participation in the proceeds of the sale of the land.

Appellant, Smiley Dean, owned both notes. They were endorsed and transferred to him for value before due by appellee Reed, thus appellant Smiley Dean became a holder in due course. Failing to present the first note for payment at the time at which it was payable, on its due date, appellant lost his right to charge Reed as an endorser upon that note, but by prompt action he saved his rights with respect to the second note, and it is not contended that Reed is not liable as an endorser upon that note. Reed does not claim to own either of the notes, nor does he claim any right of subrogation with respect to the first note. Reed was certainly liable to appellant for the full amount of the second note because he was bound as an endorser thereon. Callahan, etc., v. Bank of Kentucky 82 Ky. 231. When appellee pays that note to appellant, Smiley Dean, Reed will become the owner thereof and entitled to be subrogated to the rights of Smiley Dean as between him and Smiley Dean.

It appears to us that the lower court correctly ruled that when Reed pays off the second note, the one on which he is liable as endorser, he becomes the owner thereof and entitled to participate in the proceeds of the sale of land which was in lien for the security of both notes, the two being of equal dignity.

Judgment affirmed. Whole court sitting.